IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| GREGORY LEE MURPHY, | ) |
| Petitioner, | ) CIVIL ACTION NO.: CV205-076 |
| v. | ) |
| UNITED STATES OF AMERICA, | ) (Case No.: CR204-21) |
| Respondent. | ) |

## ORDER

Gregory Lee Murphy pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), on August 12, 2004. On October 27, 2004, he was sentenced to 92 months' imprisonment and three years' supervised release. Murphy did not file a direct appeal. Murphy filed this 28 U.S.C. § 2255 action on March 28, 2005, seeking to vacate, set aside or correct his conviction and sentence. Theodore H. Lackland, an attorney in Atlanta, Georgia, was appointed to represent Murphy in this case. Evidentiary hearings were held on August 9, 2005, and on October 24, 2005, in Brunswick, Georgia.

Lackland has now submitted his claim for services and expenses. He seeks compensation in the total amount of $6,113.47. This includes $126.00 as "In Court Compensation," $4,907.00 as "Out of Court Compensation," $1,044.02 in "Travel Expenses," and $36.45 in "Other Expenses." The Criminal Justice Act provides that the maximum amount of compensation for services in this case is the sum of

$2,000.00, unless the case involves extended or complex representation. 18 U.S.C. § 3006A(d)(2) and (3).

"In determining if an excess payment is warranted, the court should make a threshold determination as to whether the case is either extended or complex. If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case is 'complex.' If more time is reasonably required for total processing than the average case the case is 'extended'." Paragraph 2.22 B(3) of the Appointment of Counsel in Criminal Cases, Volume VII, Guide to Judiciary Policies and Procedures. "Counsel claiming compensation in excess of the statutory case limitation must submit with the voucher a detailed memorandum supporting and justifying counsel's claim that representation was provided in a complex or extended case and that the excess payment is necessary to provide fair compensation." Instructions for CJA Form 20, Item 22-29. A memorandum has been submitted by Lackland.

Upon review of the court's file and Lackland's memorandum, it appears that this case should be classified as "extended." As the Petitioner was housed at the Federal Correctional Institution in Jesup, Georgia, Lackland had to travel to Jesup from Atlanta on two occasions to meet with Murphy. Additionally, Lackland had to travel from Atlanta to Brunswick to attend the two evidentiary hearings.

Accordingly, payment for services rendered by Theodore Lackland should not be limited to the statutory maximum of $2,000.00. Based upon the extended nature of this case, the compensation for services requested by Lackland appears reasonable. With regard to those expenses requested by Lackland they are reasonable and are hereby authorized.

2

Payment for "In Court" services is hereby set at $126.00, and payment for "Out of Court" services is hereby set at $4,907.00, for a total of $5,033.00, as payment for services rendered. Lackland should be paid the sum of $1,044.02 as reimbursement for "Travel Expenses," and $36.45 for "Other Expenses." A total of $6,113.47 is approved.

SO ORDERED, this  30  day of  May , 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)